**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4302**

———————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

RANDALL EUGENE HILLIAN,

         Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:04-cr-00041-JAB-1)

———————

Submitted: January 26, 2016     Decided: February 9, 2016

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ames Colby Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Eugene Hillian appeals the district court's judgment revoking his term of supervised release and sentencing him to a term of 21 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Hillian's counsel has filed a brief certifying that there are no meritorious issues for appeal, but suggesting that the court review the reasonableness of Hillian's sentence. Although informed of his right to file a pro se brief, Hillian has not done so. We affirm the district court's judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). We first review the district court's sentence for "significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). Next, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)," United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks

2

omitted), cert. denied, 135 S. Ct. 305 (2014), as applicable to a revocation of supervised release proceeding, see 18 U.S.C. § 3583(e). When reviewing the substantive reasonableness of a revocation sentence, an appellate court may apply a presumption of reasonableness where the imposed term falls within the Sentencing Guidelines policy statement range. United States v. Aplicano-Oyuela, 792 F.3d 416, 425 (4th Cir. 2015). Finally, because Hillian did not object to the imposed term of imprisonment before the district court, our review is for plain error. Webb, 738 F.3d at 640-41. Our review of the record reveals neither a procedural error nor anything overcoming the applicable presumption of reasonableness that accompanies the district court's imposition of a within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hillian, in writing, of the right to petition the Supreme Court of the United States for further review. If Hillian requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hillian.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED